## Ehler v. Lower Paxton Township School Directors.

*School districts—Indebtedness—Authority to increase—Special election—Return—Copies of resolution and advertisement—Tally-sheets—Mistake of election board.*

1. Where the returns of a special election to determine whether or not the bonded indebtedness of a school district shall be increased are certified to the Clerk of the Court of Quarter Sessions, as required by law, but without the certified copy of the resolution and advertisement providing for the election, such certified copies may be filed *nunc pro tunc* at a later date.

2. A mistake of the election officers in a special election to determine whether or not the bonded indebtedness of a school district shall be increased, whereby they reported the number of favorable votes as 309 and the votes against 283, while in fact the correct number against was 238, is not fatal to the validity of the return. The tally-sheet showing the correct number of votes is the most important part of the return, and the election board was properly allowed to come into court and correct the error on the return-sheets to make them correspond with the tally-sheets. To have done otherwise would have worked an injustice upon the electors.

3. The return of a special election to determine whether or not the bonded indebtedness of a school district shall be increased is returnable to the Clerk of the Court of Quarter Sessions of the proper county, if the special election was held on a special date, not the date for holding general municipal elections.

*School districts—Indebtedness—Issuance of bonds—Injunction.*

4. An injunction will not be granted to restrain the issuance of bonds of a school district for the purpose of purchasing a proper site and erecting a high school thereon, where all the requirements of the Constitution and laws of the Commonwealth have been substantially complied with in the election necessary for the authorization of such an issue of bonds.

Bill for an injunction. C. P. Dauphin Co., Equity Docket, No. 701.

*W. Harry Musser*, for plaintiff; *John McI. Smith*, for defendant.

WICKERSHAM, J., Aug. 2, 1921.—The plaintiff filed his bill of complaint, in which it is alleged, *inter alia:* That he is an elector and taxpayer of the Township of Lower Paxton, County of Dauphin, Commonwealth of Pennsylvania; that the defendant is the Board of School Directors of the School District of said Township of Lower Paxton, in said county; that the defendant, on April 4, 1921, passed unanimously resolutions signifying and express-

ing its desire that the indebtedness of the school district of said township be increased in and by the amount of $70,000, for the purpose of purchasing or acquiring a proper site for school buildings and the erection and equipping of a centralized vocational township high school; that on the said date the said school board also passed a resolution authorizing and providing for a special election to be held at the regular polling-place in said township on May 5, 1921, for the purpose of securing the assent or disapproval of the electors to said increase of indebtedness; that notices of said election were prepared and posted as required by law; that tickets were prepared by the County Commissioners of Dauphin County and said election was held on May 5, 1921, as required by act of assembly; that in making the returns covering the aforesaid election the election board of said township erroneously returned the number of votes actually cast against said increase of indebtedness, the error occurring in the transposition of figures, in that the two return-sheets showed that 283 votes were cast against the increase of indebtedness, while the tally-sheets showed that 238 votes were cast against said increase; that the returns were opened on May 10, 1921, in the presence of the Court of Quarter Sessions of Dauphin County, when said discrepancy was discovered, and the sitting judge ordered the election board of said township to be brought into court in order that the error might be corrected; that on May 11, 1921, the election board of said township appeared in court and, after an investigation, they were ordered to file corrected copies of the return-sheets as of May 6, 1921, the date of the original filing; that, pursuant to said order of court, the election board prepared and duly executed corrected return-sheets and filed the same as directed; that two of the judges of the Court of Quarter Sessions of Dauphin County, on May 16, 1921, signed a decree that they had computed and corrected the returns of said election, and that the final computation showed a majority of votes cast in favor of the increase of indebtedness; that on the same day the Clerk of the Court of Quarter Sessions of said county issued a certificate to the said school board certifying to the above stated facts, and that the assent of the electors of said township had been given to the increase of the indebtedness as aforesaid; that on May 17, 1921, the decree of the court certifying said election, together with certified copies of the resolution and the advertisement, were filed in the Court of Quarter Sessions to No. 156, March Sessions, 1921; that the said school board advertised the sale of the said bonds, amounting to $70,000, to the highest bidder, and on May 26, 1921, the defendant levied a tax upon the taxable property of said township, yielding $5520, commencing with the year 1921-1922, and for each and every year thereafter until and including the year 1950, or so long as should be necessary for the purpose aforesaid, which annual sum would have been sufficient to pay the interest on said bonds and the principal thereof as they severally would have become due, together with the State tax thereon; that the money derived from the sale of said bonds, authorized by the proceedings aforesaid, was to be used for the purchasing or acquiring a proper site for school buildings and the erecting and equipping of a centralized vocational township high school.

It was alleged in said bill that the defendant has not the power and authority claimed by it for the issuance of said bonds, and averred that the said election returns were not due and legal, but that the same, together with proceedings thereon, were invalid, illegal and void, for the reasons:

(a) There was no legal return made of the votes cast at said election, in that there was a discrepancy between the number of negative votes shown on the tally-sheet and the number shown on the return-sheets. This error could

1 D. & C.

Ehler *v.* Lower Paxton Township School Directors.

not be corrected by the Court of Quarter Sessions, because the Court of Quarter Sessions does not have jurisdiction to correct or compute the returns cast at such an election.

(b) That the returns were filed in the wrong court, in that they should have been filed in the office of the Prothonotary of the Court of Common Pleas of said county.

(c) That the election return is invalid and illegal, in that it is not made to the Clerk of the Court of Quarter Sessions duly certified as is required by law, together with a certified copy of the resolution and the advertisement.

(d) That the destruction of the original return-sheet invalidates the proceeding.

Alleging that the proposed action of issuing bonds based upon the authority of said election, the returns thereof and the proceedings thereon on the part of the defendant, unless restrained by this court, will subject the orator to an unjust and illegal burden of taxation for which he has no adequate remedy at law, and further showing that the proposed issue of bonds and the sale of said bonds to meet the indebtedness so incurred are illegal and without warrant of law and to the prejudice of and injury to his rights, the orator prays:

1. That said election return and all proceedings thereon be declared illegal and void.

2. That an injunction be issued to restrain perpetually the Board of Directors of the School District of the Township of Lower Paxton, County of Dauphin, Commonwealth of Pennsylvania, and its successors, from issuing and selling bonds purporting to be legal obligations of the said school district, aggregating $70,000, and based upon the authority of the aforesaid election, the returns thereof and the proceedings thereon.

3. For such other and further relief as to your honors may seem just and proper and as the facts and circumstances may warrant.

The defendant has filed its answer, admitting the averments of the first seventeeen paragraphs of the plaintiff's bill. The averments of the 18th paragraph are denied generally and specifically by paragraphs (a), (b), (c) and (d); likewise the defendant denies the 19th and 20th paragraphs, and in the denial of paragraphs 18 to 20 the defendant alleges specifically:

(a) That the actual ballots or tickets in the ballot-box showed a majority of votes cast in favor of increasing the indebtedness.

(b) That the plain provision of all the statutes dealing with this proceeding required returns to be filed with the Clerk of the Court of Quarter Sessions.

(c) That the certified copy of the resolution and the advertisement were filed with the Clerk of the Court of Quarter Sessions after the returns had been duly certified as is required by law.

(d) That the destruction of the incorrect return-sheet is amply covered and explained by the decree of the Court of Quarter Sessions ordering that the corrected sheets be filed *nunc pro tunc.* In any event, the original tally-sheet showing the number of votes cast for and against the proposed increase of indebtedness is in the record, free and clear from all doubt and immune from any possible attack.

Neither the plaintiff nor the defendant have filed with us any requests for findings of facts or conclusions of law. The court finds the facts to be as follows:

### Findings of facts.

1. The Board of School Directors of the School District of the Township of Lower Paxton, County of Dauphin and Commonwealth of Pennsylvania, on April 4, 1921, adopted the following resolution:

"Now, therefore, be it resolved by the School Board of said School District of the Township of Lower Paxton, County of Dauphin, Commonwealth of Pennsylvania, in accordance with the Act of Assembly of the Commonwealth of Pennsylvania, approved the 20th day of April, 1874, P. L. 65, and the amendments thereof and the supplements thereto, that the corporate authorities of the School District of the Township of Lower Paxton, County of Dauphin, Commonwealth of Pennsylvania, hereby signify and express their desire for an increase of the bonded indebtedness of said school district for the amount of Seventy Thousand ($70,000.00) Dollars, for the following purpose, namely, the purchasing or acquiring a proper site for school buildings and the erection and equipping of a Centralized Vocational Township High School."

2. April 4, 1921, the said school board, after reciting the resolution above quoted, adopted the following resolution:

"Now, therefore, be it resolved by the School Board of said School District of the Township of Lower Paxton, County of Dauphin, Commonwealth of Pennsylvania, that a public election be and the same is authorized to be held on the 5th day of May, A. D. 1921, for the purpose of obtaining the assent of the electors of said school district to an increase of the bonded indebtedness of said school district by the amount of Seventy Thousand ($70,000.00) Dollars, for the following purpose, namely, the purchasing or acquiring a proper site for school buildings and the erection and equipping of a Centralized Vocational Township High School."

3. The form of notice of the said election so proposed to be held was also provided for in said resolution, which form complies with the act of assembly in such cases made and provided.

4. On April 5, 1921, the secretary of said school board caused to be posted in the most public places in said school district twenty notices of the public election to obtain the assent of the electors of said school district to said increase of indebtedness, and a copy of said election notice is on file among the records of this court to No. 156, March Sessions, 1921. Said notice is in compliance with the requirements of the act of assembly in such cases made and provided.

5. No newspaper was published in the School District of Lower Paxton Township, Dauphin County, Pennsylvania, during the period between April 5, 1921, and May 5, 1921; and no other election was held on the same subject within one year of the date of the aforesaid election, to wit, May 5, 1921.

6. Said election was held at the polling-place in the election district of Lower Paxton Township, at the warehouse of S. A. Fishburn in the election district, on Thursday, May 5, 1921.

7. After said election was held, the tickets received by the election officers were counted and a return thereof was made to the Clerk of the Court of Quarter Sessions of Dauphin County, duly certified as required by law, on May 6, 1921, at 9.10 o'clock in the forenoon.

8. In making their return of said election and the results thereof to the Clerk of the Court of Quarter Sessions of Dauphin County, duly certified as required by law, the election officers of said school district did not include a certified copy of the resolution and advertisement; but on May 17, 1921, a certified copy of said resolution, expressing the desire of the school directors for an increase in the bonded indebtedness of said school district, a certified copy of the resolution of said board of directors, providing for a special election for the purpose of obtaining the assent of the electors of said school district to said increase of bonded indebtedness thereof, and prescribing the form of notice of said election to be posted according to law, an affidavit that

1 D. & C.

Ehler *v.* Lower Paxton Township School Directors.

twenty notices of said public election had been posted on April 5, 1921, in the most public places, and that said election notices remained posted for a period of not less than thirty days following the passage of the resolution of said school board, and that no newspaper was published in said school district during said period, and having annexed thereto a copy of said election notice so posted, were filed with the Clerk of the Court of Quarter Sessions to No. 156, March Sessions, 1921.

9. On May 10, 1921, Charles E. Pass, the Clerk of said Court of Quarter Sessions, presented the returns of said special election to the Court of Quarter Sessions of the County of Dauphin, and opened the same and computed said vote in the presence of said court, being assisted by Thomas B. Lighty and B. K. Booser, who were duly sworn as his assistants. It then appeared that the return of said election by the election officers was not correct; that said election officers returned 283 negative votes, whereas the tally-sheet included in said return showed that there were only 238 negative votes cast.

10. On May 11, 1921, the election board appeared before the said Court of Quarter Sessions of Dauphin County and corrected the said return so as to show the result of the election as it appeared upon the tally-sheet, and corrected copies of said return-sheets were ordered to be filed, and were filed *nunc pro tunc* by the election board with the Clerk of the Court of Quarter Sessions aforesaid.

11. The said Clerk of the Court of Quarter Sessions, assisted by the said Thomas B. Lighty and B. K. Booser, in the presence of the Hon. Frank B. Wickersham and the Hon. John E. Fox, two of the Judges of the Court of Quarter Sessions of Dauphin County, having carefully added together the votes cast for and against the proposed increase of indebtedness of said school district, found that, in answer to the question submitted to the electors, "Shall the indebtedness of the School District of the Township of Lower Paxton, County of Dauphin, Commonwealth of Pennsylvania, be increased in and by the amount of Seventy Thousand ($70,000.00) Dollars, for the purpose of purchasing or acquiring a proper site for school buildings and the erection and equipping of a Centralized Vocational Township High School?" the number of votes polled in favor of said increase of indebtedness was 309; the number of votes polled against said increase of indebedness was 238, and the majority in favor of said increase of indebedness was 71, all of which was certified by said judges and assistants and filed with the Clerk of the Court of Quarter Sessions, May 17, 1921, to the number and term above mentioned.

12. The mistake made by the election officers in making the return of said election, wherein they certified that the number of votes cast against said increase was 283 instead of 238, as appeared by the tally-sheet, would not in any way alter the result of said election, but would have shown a clear majority in favor of the increase of indebtedness of said school district even as returned by said election officers.

13. On May 16, 1921, Charles E. Pass, Clerk of the Court of Quarter Sessions of Dauphin County, Pennsylvania, made a record of said election returns, together with the computation of the vote in the presence of the court, as required by law, and furnished a certified copy thereof, under seal, showing the result to the Board of School Directors of said School District of Lower Paxton Township, and the same was placed of record upon the minutes thereof.

14. Having received said certificate from the Clerk of the Court of Quarter Sessions of Dauphin County, certifying the result of said election, the board of school directors of said school district, on May 26, 1921, levied a tax upon

the taxable property of said township, yielding $5520, which tax was included in and was a part and parcel of the general levy of the school tax for the coming fiscal year, amounting to 11 mills, commencing with the year 1921-1922, and for each and every year thereafter, until and including the year 1950, or so long as should be necessary for the purpose aforesaid, which annual sum would be sufficient to pay the interest on said bonds and the principal thereof as they severally become due, together with the State tax thereon.

### Discussion.

We think all the provisions of section 8, art. IX, of the Constitution of Pennsylvania, as amended Nov. 2, 1920, and the provisions of the Act of April 20, 1874, P. L. 65, entitled "An act to regulate the manner of increasing the indebtedness of municipalities, to provide for the redemption of the same, and to impose penalties for the illegal increase thereof," and the acts supplemental thereto and amendatory thereof, have been substantially complied with.

It was contended by the plaintiff that there was no legal return made of the votes cast at said election, and that there was a discrepancy between the number of negative votes shown on the tally-sheet and the number shown on the return-sheets, and that this discrepancy could not be corrected by the Court of Quarter Sessions, because the Court of Quarter Sessions does not have jurisdiction to correct or compute the votes cast in such an election.

We cannot agree with this contention. It appears from the record that the return of said election as made by the election officers was filed with the Clerk of the Court of Quarter Sessions May 6, 1921, at 9.10 o'clock A. M. While the return was not accompanied by a certified copy of the resolution and the advertisement, said certified copy was afterwards filed and now forms a part of the record, and there is precedent for this practice. In the matter of the election for an increase of the indebtedness of the Williamstown School District, Judge Simonton, on July 11, 1899, permitted a certified copy of the ordinance or resolution and advertisement to be filed nunc pro tunc to No. 322, June Sessions, 1899. It is true there was a discrepancy between the number of negative votes shown on the tally-sheet and the number shown on the return-sheet, but the final result was not changed or affected by this discrepancy; for, whether the number of negative votes was 283 or 238 could make no possible difference, in view of the fact that there were 309 votes cast in favor of the increase of indebtedness, so that the correction of the error by the Court of Quarter Sessions could have made no difference, so far as the final result was concerned, even if the court did not have jurisdiction to correct or compute the return of votes cast at such election, a contention with which we are not in accord.

It is further contended by the plaintiff in sub-division (b) of the 18th paragraph of his original bill that the returns were filed in the wrong court, in that they should have been filed in the office of the Prothonotary of the Court of Common Pleas of said county; and in sub-division (c) of said paragraph it is contended that the election return is invalid and illegal, in that it was not made to the Clerk of the Court of Quarter Sessions duly certified, as is required by law, together with a certified copy of the resolution and the advertisement. The Act of May 1, 1909, P. L. 317, which is an amendment of the Act of 1891, which amended the Act of 1874, provides: "The tickets so received shall be counted and the return thereof made to the Clerk of the Court of Quarter Sessions of the proper county, duly certified, as is required by law, together with a certified copy of the ordinance and the advertisement."

1 D. & C.

Ehler *v.* Lower Paxton Township School Directors.

We cannot agree that the return of this election, being a special election held on a special date, not the date for holding the general municipal elections of the county, should have been returned to the prothonotary's office; nor can we agree that the failure of the election officers to include with their return a copy of the resolution authorizing the indebtedness and a copy of the notice invalidated the election, in view of the fact that this part of the law was complied with later on. The practice in such a case was carefully prescribed by act of assembly in order that the will of the majority of electors of the election district might be ascertained and a public record thereof made. This has been done, for it appears that a substantial majority of the electors of this school district desire that the bonded indebtedness thereof be increased for the purposes mentioned in the resolution and duly expressed their desire, and for the court to grant this injunction would result in defeating the will of the majority of the electors in that school district. We are not inclined to take any action in this case which would have the effect of defeating the will of such a substantial majority of the electors for what we regard as a mere and non-essential technicality.

It is further contended by the plaintiff in sub-division *(d)* of the 18th paragraph of his bill that the destruction of the original return-sheets invalidates the proceeding. Our attention has not been directed to any authority in support of this contention, and we have not been able to reach that conclusion. The most important part of the return of the election board was the tally-sheet, and that remains intact. It has not been destroyed, and it shows the number of votes cast for and against the proposed indebtedness, a computation of which shows a majority in favor of the proposed increase of seventy-one. This court did not order the destruction of the return-sheets, but we ordered corrected return-sheets showing the result of said election as it appeared upon the tally-sheet to be filed *nunc pro tunc.* To have done otherwise would be working an injustice upon the electors of the school district, as it clearly appeared that in making the first return the clerk who wrote it transposed the figures 238 to 283 by mistake. The court permitted the election board to correct the mistake and ordered the corrected return to be filed *nunc pro tunc.* No one was injured by this correction, nor was the result changed, as we have heretofore stated.

We do not find substantial error in the proceedings, and, therefore, we find the following

### Conclusions of law.

1. All the requirements of the Constitution of Pennsylvania and the acts of assembly relating to the increase of indebtedness by municipalities have been substantially complied with.

2. That the prayer for an injunction to restrain perpetually the Board of Directors of the School District of the Township of Lower Paxton, County of Dauphin, Commonwealth of Pennsylvania, and its successors, from issuing and selling bonds purporting to be legal obligations of the school district, aggregating $70,000, and based upon the authority of the aforesaid election, the returns thereof and proceedings thereon, is refused.

3. The costs of these proceedings to be paid by the plaintiff.

From William Jenkins Wilcox, Harrisburg, Pa.